OPINION
{¶ 1} Appellant, Willie J. Dunning, Jr., appeals from the judgment of the Lake County Court of Common Pleas revoking his probation and sentencing him to a prison term of seventeen months.
 {¶ 2} On May 10, 2004, appellant was indicted by the Lake County Grand Jury on the following: count one and count two, trafficking in cocaine, felonies of the third degree, in violation of R.C. 2925.03(A)(1); and count three, possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24. Count two included a forfeiture specification on cash pursuant to R.C. 2925.42.
 {¶ 3} On January 28, 2005, appellant entered a plea of guilty to a lesser included offense of count one, trafficking in cocaine, a felony of the fourth degree, and a lesser included offense of count two, trafficking in cocaine, a felony of the fourth degree, with the forfeiture specification. Pursuant to its January 28, 2005 judgment entry, the trial court accepted appellant's guilty plea with respect to counts one and two and entered a nolle prosequi on count three, possessing criminal tools. On March 14, 2005, a sentencing hearing was held and appellant was placed on community control sanction for a period of three years subject to certain specified conditions, including participation and completion of NEOCAP, an inpatient drug treatment program.
 {¶ 4} At the sentencing hearing the court stated: "If you violate, then the court will impose a prison term. It would be a prison term of 17 months on each count to be served consecutive to each other. So you are looking at 34 months in prison."
 {¶ 5} On June 17, 2005, a motion to terminate community control sanctions was filed by appellee. On August 2, 2005, a hearing was held and appellant waived the probable cause hearing and pled guilty to violating the terms of his community control for failure to report to the Lake County Adult Probation Department for transport to NEOCAP.
 {¶ 6} The court ordered termination of appellant's community control sanctions and he was sentenced to a term of seventeen months in prison on count one and seventeen months in prison on count two, to run concurrent.
 {¶ 7} It is from that judgment entry that appellant filed a timely notice of appeal raising the following assignments of error:
 {¶ 8} "[1.] The trial court erred to the prejudice of the appellant when it sentenced him to more than the minimum prison term which sentence is contrary to law.
 {¶ 9} "[2.] The trial court erred to the prejudice of the appellant in violation of his due process rights in making conflicting findings as to the seriousness and recidivism factors listed in R.C. 2929.12.
 {¶ 10} "[3.] The trial court erred when it sentenced the defendant-appellant to prison instead of community control and in sentencing him to more than the minimum prison term based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 11} For the sake of clarity, we will address appellant's assigned errors out of order.
 {¶ 12} In his third assignment of error, appellant argues that the court erred in the imposition of the nonminimum prison term, based upon Blakely v. Washington (2004), 542 U.S. 296. In view of the court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, we agree.
 {¶ 13} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's third assignment of error is with merit.
In sentencing appellant, the court found, pursuant to R.C.2929.14(B), that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the [appellant] or others."
 {¶ 14} In Foster, the Supreme Court held that R.C.2929.14(B) and (C) and 2929.19(B)(2) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey
(2000), 530 U.S. 466, and Blakely.
 {¶ 15} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B) and (C) and 2929.19(B)(2). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus.
 {¶ 16} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 17} Appellant's challenge to his sentence as being contrary to law, as argued in his first assignment of error, is premature based upon our disposition of appellant's third assignment of error, and thus rendered moot.
 {¶ 18} In his second assignment of error, appellant asserts that the trial court erred in revoking his community control sentence and imposing a prison sentence by making inconsistent findings under R.C. 2929.12 at his sentencing hearings. TheFoster Court held that in exercising its discretion in sentencing, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.
 {¶ 19} We shall address the revocation of appellant's community control sanction and whether the court erred by making different findings under 2929.12 at the first sentencing hearing for community control sanctions, and the subsequent sentencing hearing for community control violation.
 {¶ 20} "The right to continue on community control depends on compliance with community control conditions and `is a matter resting within the sound discretion of the court.'" State v.Schlecht, 2d Dist. No. 2003-CA-3, 2003-Ohio-5336, at ¶ 7, quoting State v. Johnson (May 25, 2001), 2d Dist. No. 17420, 2001 Ohio App. LEXIS 2354. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 21} "If the conditions of a community control sanction are violated * * * the sentencing court may impose * * * a prison term on the offender pursuant to Section 2929.14 of the Revised Code. * * *" R.C. 2929.15.[1]
 {¶ 22} At the August 2, 2005 hearing, appellant admitted to violating the terms of his community control sentence by failing to report to the Adult Probation Department for transport to NEOCAP. In view of that admission, the trial court had authority under R.C. 2929.15, to revoke the community control and sentence appellant to prison.
 {¶ 23} Appellant contends that the trial court sentenced appellant to a three-year term of community control; and in doing so, the trial court found the sentence to be appropriate, making a two-fold determination provided for in R.C. 2929.12(B) and (C), which relate to the seriousness of the conduct, and R.C.2929.12(D) and (E), which relate to the likelihood of the offender's recidivism.
 {¶ 24} In the case sub judice, there was a presumption in favor of prison for the drug trafficking offense pursuant to R.C.2929.13(D). At the March 14, 2004 sentencing hearing, the court made findings to rebut the presumption of a prison sentence. The court stated in part: "[appellant] [was] upfront and honest with the probation department * * * in regard to [his] drug history. [Appellant] used marijuana for the past ten to twelve years, since the age of nine or ten * * *. [Appellant will] * * * need help with that. If * * * in a program, you acknowledge that you need help * * *."
 {¶ 25} The court considered the factors set forth under R.C.2929.12(B), (C), (D), and (E), and stated as follows: "* * * factors which indicate this offense is More Serious * * * none of those factors present. * * * [F]actors indicating the offense is Less Serious * * * [appellant] did not cause or expect to cause harm to person or property." Under factors that [appellant] is More Likely to commit crimes in the future, the court finds none of those factors are present. Under factor indicating the [appellant] is Less Likely to commit crimes in the future, * * * [appellant] "does show genuine remorse."
 {¶ 26} At the sentencing hearing on the community control violation, the court stated as follows: "As far as the first opportunity to be free on the street, you took off." You said you wanted help. * * * [Y]ou didn't even go to the program. * * * You've shown that you don't have the desire to change. * * * In considering * * * factors, again the court does find, under sentencing factors more serious, that the offender acted as a part of organized criminal activity." Under factors that the offense was less serious, the court found "none of those factors present." Under factors of recidivism, the court found "no genuine remorse." The court found additional relevant factors that appellant was "a probation violator," given "a chance" at probation and treatment, but failed to report for NEOCAP transport.
 {¶ 27} Appellant argues the court's findings of seriousness and recidivism at the August 5, 2005 sentencing hearing were inconsistent with its findings from its earlier judgment entry granting community control sanctions, violating his due process rights. Thus, appellant urges this court to conclude that the trial court erred in revoking his community control sanction and imposing a prison term. We disagree.
 {¶ 28} It is clear that the facts of this case changed when appellant admittedly violated his community control sentence. When a defendant violates community control sanctions, the trial court must conduct a second sentencing hearing. State v.Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110, at ¶ 17. At this hearing, the trial court "sentences the offender anew * * *[.]" Id. Here, at the community control violation sentencing hearing, the court properly considered appellant's status as a probation violator and noted that he no longer showed genuine remorse. The trial court went on to say that after weighing the seriousness and recidivism factors, prison was consistent with the purposes and principles of Ohio's sentencing statutes, and appellant was "no longer amenable to any other available community control sanction." Thus, appellant's second assignment of error is without merit.
 {¶ 29} The judgment of the Lake County Common Pleas Court terminating appellant's community control sanction is affirmed; however, pursuant to Foster, we vacate appellant's sentence and remand the matter for resentencing and further proceedings consistent with Foster.
O'Neill, J., Rice, J., concur.
[1] R.C. 2929.15(B) governs the imposition of a prison term for a violation of community control and provides that the prison term specified "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division [(B)(5)] of section2929.19 of the Revised Code." This is not at issue in this appeal.