[Cite as *State v. Foster*, 2022-Ohio-4247.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

MATTHEW S. FOSTER,

        Defendant-Appellant.

CASE NO. 2021-P-0019

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2019 CR 00390

**O P I N I O N**

Decided: November 28, 2022
Judgment: Affirmed

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Richard E. Hackerd,* 55 Public Square, Suite 2100, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Matthew S. Foster, appeals the January 15, 2021 judgment of the Portage County Court of Common Pleas revoking his community control sanctions and sentencing him to 30-months imprisonment. For the reasons set forth herein, the judgment is affirmed.

{¶2} In April 2019, police received a call reporting that a disorderly and intoxicated person was getting into a vehicle. They attempted to stop the vehicle, but the driver fled; the police pursued the vehicle through three jurisdictions. After the vehicle

was stopped, the individual, ultimately identified as Mr. Foster, fled on foot and struggled with police until he was eventually arrested.

{¶3} Mr. Foster was indicted for failure to comply with the order or signal of a police officer in violation of R.C. 2921.331, a felony of the third degree; operating a vehicle while intoxicated, in violation of R.C. 4511.19(A)(1)(a) and (G), a misdemeanor of the first degree; refusal to submit to a chemical test, in violation of R.C. 4511.19(A)(2) and 4511.191, a misdemeanor of the first degree; and resisting arrest, in violation of R.C. 2921.33(A), a misdemeanor of the second degree. Ultimately, Mr. Foster pleaded no contest, and the court found him guilty.

{¶4} The court sentenced Mr. Foster to community control sanctions and placed him under the supervision of the Portage County Adult Probation Department. In addition to the standard rules of the probation department, Mr. Foster was given the following conditions: (1) undergo a substance abuse evaluation and follow all recommendations; (2) undergo random substance abuse testing; and (3) see his physician to get his prescription medications regulated. Mr. Foster was notified that if he violated the terms of his community control, he could receive more restrictive community control sanctions or be ordered to serve a prison term of 30 months.

{¶5} In May 2020, the probation department filed a motion to revoke community-control sanctions stating that Mr. Foster had failed to report as directed. A hearing was held in June 2020; the court found that a violation had occurred and ordered that Mr. Foster continue community control as previously ordered.

{¶6} In September 2020, the probation department filed a second motion to revoke stating that Mr. Foster had again failed to report as directed. Mr. Foster failed to

2

appear for the hearing and a warrant was issued for his arrest. The matter was rescheduled. Mr. Foster appeared without counsel. The court appointed him counsel and again rescheduled the hearing. At that hearing, the court found that Mr. Foster had violated the terms of community control and ordered him to complete the halfway program, RIP, as ordered in Summit County.

{¶7} In December 2020, the probation department filed a third motion to revoke based on Mr. Foster's failure to complete the RIP program. Mr. Foster again failed to appear for the scheduled hearing and a warrant was issued for his arrest. He was arrested in January 2021. At the January 15, 2021 hearing, Mr. Foster admitted that he had not completed the program, but claimed that the failure was not his fault because the program required him to obtain a medical clearance. The court granted the motion to revoke, finding the violation was not technical, and sentenced Mr. Foster to serve 30 months in prison and credited him with time served.

{¶8} Mr. Foster filed an untimely appeal pro se. This court granted Mr. Foster's request for the appointment of counsel and granted him leave to file a delayed appeal. Mr. Foster raises one assignment of error for our review, which states:

{¶9} The trial court abused its discretion when it revoked probation on January 15, 2021.

{¶10} An appellate court reviews a trial court's decision to revoke a defendant's community control based on a violation of one or more of the conditions of community control for an abuse of discretion. *State v. Spragling,* 11th Dist. Ashtabula No. 2015-A-0008, 2015-Ohio-2598, ¶15 citing *State v. Dunning*, 11th Dist. Lake No. 2005-L-142, 2006-Ohio-3412, ¶20. "'The term ["abuse of discretion"] is one of art, connoting judgment exercised by a court, which neither comports with reason, nor the record.'" *State v.*

3

*Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). "[A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, ¶70, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11.

{¶11} Under his sole assignment of error, Mr. Foster argues that it was impossible for him to complete the RIP program because they required a medical clearance before they would admit him. However, the record supports the conclusion that Mr. Foster was not diligent in his attempts to obtain the required medical clearance until after he was arrested on the warrant for the revocation hearing.

{¶12} On November 10, 2020, the court ordered Mr. Foster to complete the RIP program. On December 3, 2020, Mr. Foster's probation officer filed a motion to modify or revoke probation based on his failure to complete the RIP program. A hearing on the motion was scheduled for December 28, 2020. Mr. Foster failed to appear, and a warrant was issued for his arrest. Mr. Foster was arrested on January 12, 2021. At the January 15, 2021 hearing, defendant explained his failure to complete the RIP program by saying, in pertinent part:

> {¶13} At the RIP Program, they told me I had to leave there to go get a clearance for my lung because they didn't have no breathing machine there.

> {¶14} And then I went to the hospital, they said, oh, we can't sign a release for lungs, we have to do CAT scans, you have to do breathing-I had a CAT scan set up from Dr. Husane in Portage Lakes. That was yesterday.

4

Case No. 2021-P-0019

{¶15} I'm supported to-all it is a piece of paper I go and do CAT scan and blood results and the medical appointment is I believe the scan and the blood results on the lung is March 3rd I believe. (Sic throughout.)

{¶16} Mr. Foster's statement, "that was yesterday," could be taken to mean that he had previously scheduled an appointment with a doctor for January 14, 2021, or that Mr. Foster had first contacted a doctor to begin obtaining medical clearances on January 14, 2021. It appears the court interpreted his statements to mean he had not started obtaining the medical clearances in a timely manner, and the record supports this interpretation.

{¶17} First, the fact that the doctor was unable to grant the medical clearances at the January 14, 2021 meeting and set up a later appointment for necessary testing, suggests this was Mr. Foster's first attempt, or one of his early attempts, to obtain the medical clearances. Additionally, Mr. Foster had a recent and consistent history of failing to complete community control conditions and failing to appear to court when ordered. Moreover, Mr. Foster does not make any argument that he attempted to obtain medical clearances before January 14, 2021. Thus, the conclusion that Mr. Foster did not make reasonable efforts to obtain medical clearances until after he was arrested is reasonable.

{¶18} This court has held that a defendant cannot rely on an impossibility defense to a community control violation when his own conduct creates the inability to comply with the community control condition. *Spragling, supra,* at ¶13-14. Such situations are distinguishable from cases in which a defendant is unable to comply with a condition through no fault of their own. *See, e.g., State v. Russell,* 11th Dist. Lake No. 2008-L-142, 2009-Ohio-3147, ¶9-15.

5

Case No. 2021-P-0019

{¶19} Here, Mr. Foster argues he was unable to obtain medical clearance. However, the record supports the trial court's determination that Mr. Foster had not made sufficient efforts to obtain medical clearance in the two months since being ordered to complete the RIP program. Mr. Foster's failure to obtain the required medical clearance sooner, and the resulting failure to complete the RIP program, was a matter within his control. Thus, he is unable to rely on an impossibility argument for failing to comply with the condition.

{¶20} Given our deferential standard of review, our finding that it was reasonable to conclude that Mr. Foster had failed to make sufficient efforts to obtain medical clearance in a timely manner, and the fact that obtaining medical clearance was a matter within appellant's control, we find the trial court did not abuse its discretion in revoking his community control and imposing a prison term.

{¶21} Accordingly, Mr. Foster's sole assignment of error is without merit.

{¶22} In light of the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

6

Case No. 2021-P-0019